UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Lee Vance,<br><br>                Petitioner,<br><br>vs.<br><br>Warden, FCI Edgefield,<br><br>                Respondent. | )  C/A No.  6:12-2753-JMC-KFM<br>)<br>)<br>)<br>)<br>)  **Report and Recommendation**<br>)<br>)<br>) |

        Ricky Lee Vance ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the petition in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

## *FACTS PRESENTED*

        The petition indicates that Judge Samuel Wilson sentenced Petitioner to 60 years of incarceration in September of 1994 for the following offenses: (1) use of a destructive device in a crime of violence; (2) attempted destruction of a building used in interstate commerce by means of an explosive; (3) possession of an unregistered destructive device; and (3) receiving or transporting a stolen explosive. ECF No. 1, page 2. While the petition alleges that the federal judge imposed Petitioner's sentence in the United States District Court for the District of South Carolina, no such record of conviction could be located in this Court's Electronic Case Filing (ECF) system. *Id.* However, a review of federal criminal records from other courts revealed that a jury found Petitioner guilty of offenses related to the possession, transportation, and use of explosives on

September 9, 1994, in the United States District Court for the Western District of Virginia. *See United States v. Ricky Lee Vance*, Criminal Action No. 1:94-00022-SGW-1 at ECF No. 31 (W.D.Va. Sept. 9, 1994). Judge Samuel G. Wilson sentenced Petitioner to consecutive sentences totaling 720 months on February 23, 1995. *Id.* at ECF No. 35. On July 25, 1996, Petitioner's convictions and sentences were affirmed by the Fourth Circuit on appeal. *Id.* at ECF No. 49. Petitioner then filed a motion to vacate his federal sentences pursuant to 28 U.S.C. § 2255. *See Ricky Lee Vance v. United States*, Civil Action No. 7:97-00316-SGW-gc at ECF No. 1 (W.D.Va. May 2, 1997). The sentencing court denied Petitioner's § 2255 motion on February 25, 1998, *id.* at ECF No. 12, and the Fourth Circuit issued an opinion dismissing Petitioner's appeal of the sentencing court's decision. *See United States v. Vance*, No. 98-6421, 1998 WL 486351 (4th Cir. Aug. 7, 1998). Petitioner filed a second § 2255 motion on August 15, 2005, which the sentencing court dismissed as successive on August 23, 2005. *See Ricky Lee Vance v. United States*, Civil Action No. 7:05-00516-SGW-mfu (W.D.Va. Aug. 15, 2005). Petitioner appealed the order dismissing his second § 2255 motion to the Fourth Circuit, which dismissed the appeal on December 2, 2005. *Id.* at ECF No. 7. Petitioner now seeks to challenge his federal sentences through the instant § 2241 petition.

### *APPLICABLE LAW AND ANALYSIS*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings

for the United States District Court,[1] and the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the undersigned finds and concludes that the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Petitioner seeks an evidentiary hearing "to determine his actual correct sentence." ECF No. 1-1, page 24. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

3

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–34.

The instant petition provides no indication that any law change, subsequent to Petitioner's direct appeal and first § 2255 motion, has rendered the conduct for which Petitioner was convicted non-criminal. Because Petitioner provides insufficient factual

4

allegations to trigger the savings clause embodied in § 2255, this case is subject to summary dismissal.

## *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

November 19, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).