IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ricky Lee Vance, ) | |
| ) | Civil Action No. 6:12-cv-02753-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden of FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Ricky Lee Vance ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On November 19, 2012, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss Petitioner's Petition. (ECF No. 14.) This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed December 7, 2012. (ECF No. 16.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural history are discussed in the Report. (*See* ECF No. 14.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. (ECF No 1 at 1.) A jury convicted Petitioner of charges for possession, transportation,

1

and use of explosives on September 9, 1994, in the United States District Court for the Western District of Virginia. (ECF No. 14 at 1-2.) On February 23, 1995, Petitioner was sentenced to consecutive sentences totaling 720 months. (*Id.* at 2.) The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on July 25, 1996. (*Id.*) Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on February 25, 1998. (*Id.*) The Fourth Circuit dismissed Petitioner's appeal of the sentencing court's decision on August 7, 1998. (*Id.*) On August 15, 2005, the sentencing court dismissed as successive a second § 2255 petition filed by Petitioner. (*Id.*) The Fourth Circuit dismissed Petitioner's appeal of the dismissal on December 2, 2005. (*Id.*) Petitioner filed this Petition under § 2241 on September 25, 2012. (ECF No. 1.) On November 19, 2012, the Magistrate Judge issued the Report recommending the court summarily dismiss the Petition. (ECF No. 14.)

In the Report, the Magistrate Judge found that Petitioner could not proceed under § 2241 because he had not triggered the "savings clause" of § 2255(e). (*Id.* at 4-5.) A challenge to a sentence under § 2241 is only available if a prisoner can satisfy the "savings clause," which requires a prisoner to "demonstrate that the relief available to him under § 2255 is inadequate or ineffective." (*Id.* at 3-4, citing *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001); 28 U.S.C. § 2255(e).) The Magistrate Judge found that Petitioner had not alleged facts to trigger the "savings clause" and thus could not obtain relief under § 2241. (*Id.* at 4-5.)

Petitioner timely filed his Objections on December 7, 2012. (ECF No. 16.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner merely states that his claim is cognizable as he is

"in custody under or by color of the authority of the United States" is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States" as required by § 2241. (ECF No. 16 at 1.) Petitioner further states that this court has jurisdiction to hear petitions under § 2241 and that a petitioner has the option to file under § 2241 in the district where he was convicted rather than where he is incarcerated. (*Id.* at 1-2.) Petitioner fails, however, to address the Magistrate Judge's analysis of his failure to meet § 2241's threshold requirement under the "savings clause" of § 2255(e). Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 14). It is therefore ordered that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

4

5

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*

United States District Judge

October 15, 2014
Columbia, South Carolina

5